DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., as Trustee for ABFC Asset-Backed Certificates, Series 2004-OPT1, | ) ) ) ) | CASE NO. 5:07 CV 1772 |
| Plaintiff(s), | ) ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Striking Doc. No. 16) |
| Mark J. Buzek, et al., | ) ) | |
| Defendant(s). | ) ) | |

On June 14, 2007, plaintiff Wells Fargo Bank, N.A. filed a foreclosure complaint against Mark J. Buzek, the Unknown Spouse, if any, of Mark J. Buzek,[1] and 4235 Massillon Road, LLC. Although Buzek and 4235 Massillon Road, LLC were both served, no responsive pleading was filed and plaintiff applied to the clerk for entry of default.

On July 19, 2007, the clerk entered default and mailed a copy of the entry by ordinary mail to the addresses where the defaulting defendants had been served. See Doc. No. 13. On that same day, plaintiff filed a motion for default judgment (Doc. No. 14), which remains pending.

---

[1] This party was voluntarily dismissed on July 19, 2007. (Doc. No. 12).

(5:07 CV 1772)

Without leave, the defaulting defendants, through counsel, filed an Answer on July 23, 2007.[2] This was inappropriate in view of the entry of default. The appropriate procedure would have been for the defaulting defendants to move to set aside the entry of default.

In United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983), the court set forth "[t]he sequence of procedural steps required of one seeking judgment by default" as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 2681-2700 (1973).

Although there is a pending motion for default judgment, it has not been ruled upon. It is this Court's practice to wait a short time before ruling on any such motion for the very reason illustrated by the present circumstances. Often, after default has been noted and a motion for default judgment has been filed, the defaulting defendants come to their senses and want to make an appearance to defend. The problem is that default has already been entered and, therefore, the defaulting defendants must make a case to the Court for why the default should be set aside.

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in

---

[2] The Answer also purports to have been filed on behalf of the dismissed defendant, Unknown Spouse, if any, of Mark J. Buzek.

(5:07 CV 1772)

accordance with Rule 60(b)." The rule distinguishes between an *entry* of default and a *judgment* of default.

To set aside an *entry* of default, there must be "good cause." Three equitable factors are considered in determining whether good cause has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992), citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845(6th Cir.1983)). Where the issue is whether to set aside an *entry* of default, balancing the three equitable factors is required.[3]

---

[3] If the Court eventually enters default judgment against one or both of the defendants, it will be much more difficult to escape such judgment, since lack of culpability on the part of the defaulting defendant must be established before proof on the other two factors is considered. Berthelsen v. Kane, 907 F.2d 617 (6th Cir. 1990). When an entry of default has ripened into a default judgment, the three equitable factors must be considered, but the Court must also "determine whether the [defaulting party] has met the stricter requirements of Rule 60(b)." Burrell, 434 F.3d at 832 (citing Thompson v. Am. Home Assurance Co., 95 F.3d 429, 433 (6th Cir. 1996)). In Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992), the court elaborated:

> . . . when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds . . . under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy

(continued...)

3

(5:07 CV 1772)

      The Answer of the defendants (Doc. No. 16) is stricken from the record and the defendants are granted leave until August 3, 2007 to file an appropriate motion to set aside the entry of default. If such a motion is timely filed, plaintiff shall have until August 15, 2007 to file a response. No reply will be permitted.

      The Court will continue to defer any ruling on the Motion for Default Judgment.

      IT IS SO ORDERED.


  July 25, 2007                                    *s/ David D. Dowd, Jr.*
Date                                                David D. Dowd, Jr.
                                                         U.S. District Judge

---

[3] (...continued)
the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.